MARCELI SLOMKOWSKI et al., complainants-respondents,

*v.*

SAMUEL LEVITAS et al., defendants-appellants.

[Submitted February term, 1930. Decided May 19th, 1930.]

*Messrs. Corn & Silverman,* for the appellants.

*Messrs. Haines & Chanalis,* for the respondents.

PER CURIAM.

The respondents, as vendees, entered into a contract with the appellants, as vendors, for the purchase of certain lands in Newark. The contract contained a covenant that the buildings were entirely within the lines of the lands contracted to be conveyed and that there were no encroachments. The action in the court below was to rescind the contract upon the ground that the vendors could not deliver a marketable title under the proper construction of the will of one Anna Van Winkle Todd and also because the buildings upon the lands were not entirely within the boundaries of the property contracted to be conveyed and the proceeding was for the further purpose of impressing a lien upon the lands for the down money paid by the vendees under their contract and for search fees, and a decree compelling the return of such moneys to the vendees.

The result in the court below is a decree rescinding the contract, impressing a lien upon the lands and a counsel fee to counsel of respondents.

This decree is here, amongst other grounds, attacked upon the ground that the complainants-respondents had a complete remedy at law and for that reason the court below was without jurisdiction.

This is the conclusion reached by us and the matter is controlled by the findings of this court in *Bailey* v. *B. Holding Co., 104 N. J. Eq. 241*, and *Grunt* v. *Olsan, 104 N. J. Eq. 242.* The decree below is therefore reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.